UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DARYL MALLARI, et. al.,<br><br>    Defendants. | No.  2:25-cv-1772-TLN-CKD PS<br><br><br>ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).  Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, so the motion to proceed in forma pauperis will be granted. Plaintiff's pro se complaint filed on June 25, 2025, is now before the court for screening. (ECF No. 1.)

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
2  court accepts as true the factual allegations contained in the complaint, unless they are clearly
3  baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
4  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
5  954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).
6        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
7  state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
8  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
9  inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678
10        Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7
11  (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is
12  to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it
13  appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31
14  (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be
15  given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).
16        The federal courts are courts of limited jurisdiction, and a federal court has an independent
17  duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise
18  the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir.
19  2004).  The court must sua sponte dismiss the case if, at any time, it determines that it lacks
20  subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has
21  original jurisdiction over a civil action when: (1) a federal question is presented in an action
22  "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete
23  diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331,
24  1332(a).
25      **II.**     **THE COMPLAINT MUST BE DISMISSED**
26      **A. Allegations**
27  Plaintiff has filed a complaint alleging three causes of action:  Deprivation of Procedural
28  Due Process in violation of 42 U.S.C. § 1983; Retaliation for Protected Activity in violation of 42

U.S.C. § 1983; and Fraud on the Court "Equitable Action." (ECF No. 1.)  Although the allegations are difficult to follow, it appears that plaintiff filed a noise complaint against defendants in March 2025.  (Id. at 2.) After an altercation between plaintiff and defendants on March 6, during which plaintiff alleges he was injured, defendants filed a request for a restraining order in the Sacramento Superior Court. (Id.) Plaintiff also requested a protective order and requested smartphone video footage, presumably of the altercation. (Id.) Defendants refused to provide the footage to plaintiff, but it was provided to a judge involved in the matter. (Id.) Although it is not clear, it appears that a restraining order was issued against the plaintiff. Plaintiff "is not seeking appellate view of the restraining order itself but seeks redress for independent constitutional violations based on extrinsic fraud." (Id. at 3.)

**B. Legal Standards**

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005) (cleaned up).

"A section 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Id. (citing Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).

To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) she was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016) (quoting Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)).  To ultimately "prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's

'subsequent injury.'" Hartman v. Moore, 547 U.S. 250, 259 (2006).

### C. Analysis

Plaintiff does not allege that any defendant acted under color of state law. Private parties do not generally act under color of state law for purposes of 42 U.S.C. § 1983. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint must therefore be dismissed because it does not contain any factual content to allow the court to draw the reasonable inference that a defendant has violated plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

As to plaintiff's claim for equitable relief based on "fraud on the court," "the Rooker-Feldman doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when "the action contains a forbidden de facto appeal of a state court decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff [1] asserts as a legal wrong an allegedly erroneous decision by a state court, and [2] seeks relief from a state court judgment based on that decision.'" Id. (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the federal action constitutes a de facto appeal, district courts are barred from deciding not only the issues decided by the state court, but also any other issues that are "inextricably intertwined" with an issue resolved by the state court's decision. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004) (citing Noel, 341 F.3d at 1158). In his complaint, plaintiff asks the Court to "issue injunctive relief reversing or nullifying the tainted state restraining order." (ECF No. 1 at 5.) It thus appears that Rooker-Feldman is directly implicated.

### III. PLAIN LANGUAGE SUMMARY FOR A PRO SE PARTY

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint is being dismissed because it fails to state a claim. However, you are being given the chance to fix the problems identified in this order by filing an amended complaint. If you wish to file an amended complaint you must clearly explain what happened, why the court has jurisdiction over your complaint, and what remedy you are seeking.

### IV. CONCLUSION AND ORDER

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;
3. The Clerk's Office is directed to send plaintiff the civil form complaint used in this district;
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 30, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.1772.screen